UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:23-cv-02076-SSS-SPx | Date | January 16, 2024 |
| Title | John Casas v. Walmart, Inc., et al. | | |

Present: The Honorable    SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   ORDER DENYING PLAINTIFF'S MOTION FOR REMAND [Dkt. 10]**

Before the Court is Plaintiff John Casas's motion to remand his complaint to San Bernardino County Superior Court. [Mot. (Dkt. 10)]. The motion is fully briefed [Opp. (Dkt. 14); Reply (Dkt. 16)] and was taken under submission without a hearing.

As set forth below, the motion is **DENIED**.

**I.    Legal Standard**

Pursuant to 28 U.S.C. § 1441(a), a defendant has the right to remove a matter to federal court where the district court would have original jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal district courts have original jurisdiction over civil actions in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

A party must file its notice of removal within thirty days of receipt of a copy of the initial pleading. 28 U.S.C. §1446(b)(1). If the case stated by the initial pleading is not removable, a party may file a notice of removal within thirty days

of receipt of a "copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 USC §1446(b)(3).

## II. Discussion

Plaintiff filed his complaint in San Bernardino County Superior Court on July 19, 2023. He brings four causes of action against Defendant Walmart Inc. for injuries that he sustained while using one of Defendant's electronic shopping carts. [Dkt. 1]. Neither party here contends that removability was discernible through an "examination of the four corners of the [complaint]." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

Between July 26th and July 28th, 2023, counsel for Plaintiff and Defendant exchanged emails regarding Plaintiff's injuries and potential damages. Plaintiff's counsel informed Defendant that Plaintiff had suffered a brain injury during the incident and had required surgery and prolonged hospitalization. However, Plaintiff's counsel stated that he was not yet able to provide an estimate of damages sought. [Dkt. 10-3].

On September 19, 2023, Plaintiff's counsel supplied Defendant with medical records showing that Plaintiff had incurred more than $926,000 in medical bills. Defendant filed its notice of removal to federal court on October 11, 2023.

Plaintiff now moves for remand on the grounds that Defendant's notice of removal was untimely. Plaintiff contends that the July 2023 emails outlining his injuries were sufficient to notify Defendant that the amount in controversy exceeded the jurisdictional minimum and trigger the 30-day period per 28 USC §1446(b)(3). Defendant maintains that it received adequate notice only when Plaintiff produced his medical bills and accompanying demand.

The Court agrees with Defendant. Although a removing party is required to "apply a reasonable amount of intelligence in ascertaining removability," it is not required to independently "investigate" the possibility that the amount in controversy exceeds $75,000. *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013). In the parties' July 2023 communications, Plaintiff himself expressly declined to provide any estimate of damages. Courts neither "require nor encourage defendants to remove prematurely based on such indeterminate papers." *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 886 (9th Cir. 2010), citing *Harris*, 425 F.3d at 697-98. As such, the Court

concludes that Defendant's notice of removal filed within 30 days of receipt of Plaintiff's medical bills in September 2023 was timely.

### III. Conclusion

For the reasons provided above, the motion for remand is **DENIED**. [Dkt. 10].

**IT IS SO ORDERED.**